# JIM CONTI v. STATE.

No. A.-7067.   Opinion Filed Nov. 23, 1929.
(282 Pac. 687.)

Harris & Lackey, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was charged by information of having possession of intoxicating liquor, to wit, Choctaw beer, was convicted and sentenced to pay a fine of $250 and be imprisoned in the county jail for a period of 60 days, from which judgment and sentence the defendant has appealed.

The testimony on behalf of the state tends to show that on the 22nd day of February, 1928, the officers went to the home of the defendant with a search warrant, and searched his premises, and found a quantity of what is designated as Choctaw beer.   The only evidence on behalf of the state tending to show they found intoxicating liquor was the statement of the witness Thad Wilkes that they found Choctaw beer:

"Q.   Was that beer intoxicating?   A.   It was.

"Q.   How do you know?   A.   I tasted it."

This was the only testimony introduced on behalf of the state showing the intoxicating effect of the Choctaw beer claimed to have been found by the officers. The court, over the objections of the defendant, permitted the state to go into the general reputation of the defendant's place as being a place where intoxicating liquor was kept, stored, bartered, sold, or otherwise furnished to others.

No brief has been filed in this case, and under the rules of this court, where an appeal is not supported by brief, it is assumed the appeal has been abandoned or is without merit. The record in this case has been examined, and we hold that the information sufficiently charges an offense; that there is sufficient evidence, though of an uncertain character, to support the charge; there being no analysis of the beer proven, and no testimony that any one drank a sufficient quantity to show it was intoxicating; the only testimony being one of the witnesses testified he tasted it, and it was intoxicating.

The instructions of the court were reasonably fair to the defendant. The court erred in permitting the state, over the objections of the defendant, to go into the general reputation of the defendant's place, without it being first shown that the defendant's place was a place where intoxicating liquor was stored, kept, bartered, sold, or otherwise furnished to others, not merely that it bore such reputation; but in view of the facts contained in the record the error committed by the court was not sufficient to warrant this court in reversing the case.

We hold that, after an examination of the testimony contained in the record and the instructions of the court, the punishment imposed is excessive, and under the provisions of the law giving this court authority to modify

the judgment we feel that the ends of justice will be properly met by a modification of the judgment from 60 day in jail and a fine of $250 to 60 days in jail and a fine of $100.00. The judgment, as so modified, is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.